UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JUSTIN BURLEY-BEAVERS, an individual, | * * * |
| PLAINTIFF, | * |
| v. | * |
| | *   Case No. 3:23-CV-31843 |
| NORTHWEST CEDARS PROPERTIES, LLC, a limited liability company, | * * * |
| DEFENDANT. | * * |

## COMPLAINT

Plaintiff Justin Burley-Beavers ("Burley-Beavers" or "Plaintiff") hereby sues Defendant, NORTHWEST CEDARS PROPERTIES, LLC, a limited liability company, (hereinafter "Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") and alleges as follows:

## PRELIMINARY STATEMENT

1. Though not required by the ADA, Plaintiff attempted to resolve this matter prior to filing the present complaint but was unable to do so.

2. Defendant's ADA violations create real and significant barriers to entry for disabled persons such as Plaintiff. Pursuant to Title III of the ADA, Plaintiff seeks declaratory and injunctive relief requiring Defendant to (1) remedy the violations identified herein and (2)

enact and adhere to a policy that ensures the proper maintenance of the property to avoid future ADA violations.

## JURISDICTION AND PARTIES

3.      This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant, NORTHWEST CEDARS PROPERTIES, LLC's, failure to remove physical barriers to access and violations of Title III of the ADA.

4.      Venue is properly located in the DISTRICT COURT OF OREGON IN THE PORTLAND DIVISION pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

5.      Plaintiff, Justin Burley-Beavers, is and has been at all times relevant to the instant matter, a natural person residing in Oregon and is sui juris.

6.      Plaintiff is an individual with disabilities as defined by the ADA.

7.      Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

8.      Plaintiff uses a wheelchair for mobility purposes.

9.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA

litigation to make his home community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Subject Property, including returning to the Subject Property as soon as it is accessible ("Advocacy Purposes").

10. Defendant, NORTHWEST CEDARS PROPERTIES,LLC, is a limited liability company conducting business in the State of Other and within this judicial district.

## FACTUAL ALLEGATIONS

11. On or about November of 2022, Plaintiff attempted to but was deterred from patronizing and/or gaining equal access as a disabled patron to the Shopping Center located at 9151 SE Powell Blvd., Portland, OR 97266 ("Subject Facility", "Subject Property").

12. NORTHWEST CEDARS PROPERTIES, LLC is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action, specifically the Shopping Center and its attendant facilities, including vehicular parking and common exterior paths of travel within the site identified by the County Assessor parcel identification number R244990 ("Subject Facility", "Subject Property").

13. Plaintiff lives within thirty (30) miles of the Subject Property. Because the Subject Property is located on SE Powell Blvd., a County thoroughfare that he frequents routinely, he is routinely where the Subject Property is located and travels in and about the immediate area of the Subject Property numerous times every month, if not every week.

14. Plaintiff's access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future

unless and until Defendant, NORTHWEST CEDARS PROPERTIES,LLC, is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

15.     Plaintiff has visited, i.e. attempted to patronize, the Subject Property on multiple prior occasions, and at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron to determine if and when the Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

16.     Plaintiff intends on revisiting the Subject Property to enjoy the same experiences, goods, and services available to Defendant's non-disabled patron as well as for Advocacy Purposes, but does not intend to continue to repeatedly re-expose himself to the ongoing barriers to equal access and engage in the futile gesture of attempting to patronize the Subject Property, a business of public accommodation known to Plaintiff to have numerous and continuing barriers to equal access for wheelchair users.

17.     Plaintiff recently traveled to the Subject Property as a patron and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to equal access present at the Subject Property.

18.     Plaintiff has a fundamental right as established under the ADA to patronize any place of public accommodation as any person who is not disabled has.

19.     Plaintiff's day-to-day life has been negatively affected by the barriers to entry at the Subject Property, as his fundamental right to patronize any place of public accommodation at his choosing has been diminished by Defendant's non- compliance with the ADA.

20.     Plaintiff has no obligation to only patronize places of public accommodation that are ADA compliant.

21.     If barriers to entry are not removed at the Subject Property, it will place undue hardship, cause Plaintiff loss of opportunity, and unduly force Plaintiff to "search" for a place of public accommodation to patronize that is ADA compliant.

## COUNT I – CLAIM FOR INJUNCTIVE RELIEF
**(Against Defendant for ADA Violations)**

22.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

23.     The Subject Property is a public accommodation and service establishment.

24.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

25.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

26.     The Subject Property must be, but is not, in compliance with the ADA and the ADAAG.

27.     Plaintiff has attempted to, and has to the extent possible, accessed the Subject Property in his capacity as a patron at the Subject Property and as an independent advocate for

the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit the Subject Property again in the very near future as a patron and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered to able-bodied patrons of the Subject Property but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendant, NORTHWEST CEDARS PROPERTIES, LLC, has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant, NORTHWEST CEDARS PROPERTIES, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until NORTHWEST CEDARS PROPERTIES, LLC is compelled to remove all physical barriers that exist at the Subject Property, including those specifically set forth herein, and make the Subject Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Subject Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Subject Property include, but are not limited to:

### ACCESSIBLE ROUTES/PARKING

### MAINTENANCE PRACTICES

a. Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This practice prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff loss of opportunity.

b. Defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting their continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated.

c. Defendant has failed and continues to fail to alter their inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as Defendant's able-bodied patrons and caused Plaintiff loss of opportunity.

d. Defendant has failed to modify their discriminatory maintenance practices to ensure that, pursuant to their continuing duty under

>   the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211. This failure by Defendant prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff loss of opportunity.

32. The discriminatory violations described above are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, has actual notice that the Defendant does not intend to comply with the ADA.

33. The Defendant has a practice of failing to maintain the accessible elements at the Subject Property by neglecting their continuing duty to review, inspect, and discover transient accessible elements which by the nature of its design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant, so that said elements are discovered and remediated. Defendant has failed and continue to fail to alter their inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Property in violation of 28 CFR §§ 36.202 and 36.211. These violations, as referenced hereinabove, made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Property as Defendant's able-bodied patrons.

34. Accessible elements at the Subject Property have been altered and/or constructed

since 2010.

35. The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

36. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37. Each of the violations alleged herein is readily achievable to modify to bring the Subject Property into compliance with the ADA.

38. Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the Subject Property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.

39. To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small business owners, and Section 190 of the IRS Code provides a tax deduction for all business owners, including the Defendant.

40. Removal of the physical barriers and dangerous conditions at the Subject Property is readily achievable because of the relative low cost of the necessary modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

41. By continuing to maintain and/or operate the Subject Property with discriminatory

conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

42. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

43. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, NORTHWEST CEDARS PROPERTIES,LLC, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Property, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

44. Plaintiff's requested relief serves the public interest.

45. Plaintiff's counsel is entitled to recover his reasonable attorneys' fees and costs of litigation from Defendant, NORTHWEST CEDARS PROPERTIES,LLC, pursuant to 42 U.S.C.

§§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

    46.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill their continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff prays as follows:

A.    That the Court find Defendant, NORTHWEST CEDARS PROPERTIES,LLC, in violation of the ADA and ADAAG;

B.    That the Court enter an Order requiring Defendant, NORTHWEST CEDARS PROPERTIES,LLC, to (i) remove the physical barriers to access and (ii) alter the Subject Property to make the Subject Property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. §36.211, to fulfill their continuing duty to maintain their accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D.    That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211.

E.    That the Court enter an Order directing Defendant to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F.    An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205 and an award of monitoring fees associated with insuring that the Defendant is in

      compliance with the ADA.

G.     An award of interest upon the original sums of said award of attorneys' fees, costs (including expert fees), and other expenses of suit; and

H.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this December 7, 2023.

                      Respectfully submitted,

                      By: /s/ Jessica Molligan_____
                      Jessica Molligan, OSB # 001823
                      Counsel for Plaintiff

**DEFENDANT TO BE SERVED:**
C/O KYLE WUEPPER
75 SE YAMHILL ST STE 203
PORTLAND, OR 97214